**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**VAN TUBBS,**

**Petitioner,**

**v.** **Civil Action No. 1:17cv227
(Judge Keeley)**

**JENNIFER SAAD, Warden,**

**Respondent.**

**REPORT AND RECOMMENDATION**

**I. Procedural History**

On December 29, 2017, the Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. The Petitioner's five dollar filing fee was paid in a prior case[1] and applied to this one. ECF No. 3. On February 12, 2017, the undersigned ordered the Respondent to show cause as to why the writ should not be granted. ECF No. 4. On February 22, 2018, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgement together with a memorandum in support. ECF No. 6. Before the Court had the opportunity to issue a Roseboro Notice, advising Petitioner of his right to respond, on March 12, 2018, Petitioner filed a Response. ECF No. 8.

**II. Facts**

On October 31, 2012, in Case No. 02-D05-1206-FA-29 in Superior Court, Allen County, Indiana, Petitioner was sentenced to a 10-year term of imprisonment for Dealing in Cocaine or Narcotic Drug – Delivery Of. ECF No. 6-2, ¶ 8. He was given credit by the state for time spent in state custody from June 21, 2012, the date of his state arrest, through October 30, 2012, the day

[1] See Tubbs v. Saad, Case No. 1:17cv207, dismissed following Notice of Intent to Dismiss on January 3, 2018.

prior to the commencement of his state sentence. Id.; see also Indiana State Abstract of Judgment, ECF No. 6-3 at 1.

On July 21, 2014, Petitioner was borrowed by federal authorities pursuant to a federal Writ of *Habeas Corpus ad Prosequendum* ("WHCAP") for prosecution in Case No. 2:14cr135-18 in United States District Court for the Southern District of Alabama. ECF No. 6-2, ¶ 9 at 2; see also United States Marshal Service ("USMS") Form 129 Data, ECF No. 6-4 at 1 - 2. On September 16, 2014, in the Southern District of Alabama, Petitioner signed a plea agreement, agreeing to plead guilty to Count One, Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and Count Twenty-Seven, Money Laundering – Conspiracy, in violation of 18 U.S.C. § 1956(h). See USA v. Tubbs, S.D. Al. Case No. 2:14cr135-18, ECF No. 281. Petitioner entered his plea on September 17, 2014. Id., ECF No. 296. On September 24, 2015, Petitioner was sentenced in United States District Court for the Southern District of Alabama to concurrent 180-month terms of imprisonment on each count; the federal sentence was ordered to run concurrent with the 10-year state sentence imposed in Petitioner's Indiana state case. See Judgment in a Criminal Case, ECF No. 6-5 at 2. The sentencing court noted that Petitioner was "to be given credit for time served while in Federal Custody as calculated by the BOP."[2] Id.

---

[2] Although Tubbs' form § 2255 petition indicates that he did not file a direct appeal or any post-conviction proceedings [see ECF No. 1 at 3 – 4], a review of the docket of Tubbs' underlying criminal case in the Southern District of Alabama reveals that he filed both a direct appeal as well as a motion to vacate pursuant to 28 U.S.C. §2255. As of the date this Report and Recommendation was entered, Tubbs' motion to vacate is still pending. Moreover, on August 17, 2017, in the Southern District of Alabama, Tubbs also filed another § 2241 petition over the same issue he raises here. Because Tubbs was incarcerated in this district, the case was transferred to this district on January 29, 2018; docketed as Case No. 2:18cv13, and dismissed as duplicative on April 10, 2018.

On November 30, 2015, Petitioner was returned to the Indiana state authorities in satisfaction of the federal writ. ECF No. 6-2 at 2; see also USMS Form 129 Data, ECF No. 6-4 at 3.

On August 12, 2016, Petitioner completed his Indiana state sentence and was released to federal authorities. ECF No. 6-2, ¶ 13 at 2; see also USMS Form 129 Data, ECF No. 6-4 at 3; State of Indiana Release Authorization, ECF No. 6-6.

The BOP prepared a sentence computation for Petitioner's 180-month term of confinement, commencing Petitioner's federal sentence on September 24, 2015, the date the sentence was imposed. ECF No. 6-2, ¶ 14 at 2; see also Sentence Monitoring Computation Data, ECF No. 6-7 at 1. Petitioner has been granted Willis[3] credit for time spent in official detention from June 21, 2012, the date of his state arrest, through October 30, 2012, the day prior to the imposition and start of his state sentence. ECF No. 6-2, ¶ 15 at 2; see also Sentence Monitoring Computation Data, ECF No. 6-7 at 2; Willis/Kayfez[4] Calculation Worksheet, ECF No. 6-8 at 1.

Petitioner's current projected release date, via Good Conduct Time ("GCT") release, is June 8, 2028. ECF No. 6-2, ¶ 16 at 2; see also Sentence Monitoring Computation Data, ECF No. 6-7 at 2.

## III. The Pleadings

### A. The Petition

Petitioner alleges that the BOP violated his due process rights by unlawfully computing his sentence, thereby causing him to be incarcerated for longer than the sentence that was imposed. More specifically, Petitioner alleges that the BOP failed to award him credit for fourteen months of pretrial custody credit. ECF No. 1 at 5. Petitioner avers that he was serving

[3] Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

[4] Kayfez v. United States, 993 F2d 1288 (7th Cir. 1993).

time in Westville, Indiana on his state charges, when he was taken into custody by the USMS on a federal writ from July 21, 2014 through November 30, 2015, before being returned to the state. Id. Instead of receiving federal jail credit and a sentence concurrent with his state sentence, the BOP only awarded him credit beginning with September 24, 2015, and not for the fourteen month time period between July 21, 2014 through September 24, 2015. Id.

Petitioner contends he exhausted his administrative remedies regarding his claims prior to filing suit. Id. at 7 – 8.

For relief, Petitioner is requesting that the Court direct the BOP to credit his federal sentence for the fourteen months between July 21, 2014 through September 24, 2015. Id. at 8.

**B. Respondent's Motion and Memorandum**

In response, Respondent argues that the petition should be dismissed or summary judgment granted in its favor, because:

1) pursuant to 18 U.S.C. §3585(a), Petitioner's federal sentence did not commence until September 24, 2015, while he was still in the primary custody of the state of Indiana, because Indiana retained primary custody over Petitioner, by virtue of having arrested him on June 21, 2012.

2) Petitioner is not entitled to any additional prior custody credit, because all of the time he spent in custody before the September 24, 2015 commencement of his federal sentence was already credited against his state sentence.

3) However, Petitioner received some Willis credit for the time period beginning on June 21, 2012, the date of his arrest on state charges, through October 30, 2012, the day before his state sentence commenced, because his federal raw term release date, September 23, 20130, was greater than his state raw full term release date, October 30, 2022.

4) Petitioner's due process claim is not cognizable in a § 2241 petition.

ECF No. 6-1 at 3 – 10.

Respondent concedes that Petitioner fully exhausted his administrative remedies prior to filing suit. Id. at 2.

**C. Petitioner's Response**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same. ECF No. 7 at 1 - 3.

## IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

### A. Primary Jurisdiction

A WHCAP is a ". . . mere loan [of] the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). A jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that under writ, primary jurisdiction over the prisoner remained with the state until state authorities relinquished the prisoner to federal custody on satisfaction of the state obligation). Thus, the primary jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

Here, the Petitioner was borrowed from the state of Indiana on a WHCAP on July 21, 2014. ECF No. 6-4 at 1 - 2. Therefore, he remained in state custody from the time of his arrest on state charges until he completed his state sentence on August 12, 2016. Id.

### B. Sentence Calculation

"A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only

run concurrently with that part of the prior sentence remaining to be served." United States v. McLean, 867 F.2d 609 (4th Cir. 1989). The Bureau of Prisons ("BOP"), on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Here, Petitioner was serving his state sentence at the time his federal sentence was entered on September 24, 2015. While the federal sentence was to run concurrently with the state sentence, under U.S. v. McLean, *supra*, the federal sentence could not begin to run concurrently until September 24, 2015, the date that the federal sentence was imposed. The BOP has correctly calculated the federal term of imprisonment because, under 18 U.S.C. § 3585(b)(2), the Petitioner

was receiving credit for his state sentence. To find otherwise would be a violation of Wilson, Brown, and Goulden in that the Petitioner would receive double credit for his detention time.

Nonetheless, under certain circumstances, a prisoner can be entitled to prior custody credit toward a federal sentence for time also applied to a prisoner's state sentence. This exception to the rule that prisoners cannot receive double credit occurs where state and federal sentences are concurrent, and crediting only the state sentence would not provide any benefit to the prisoner. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Willis, free on bail on federal charges, was arrested on state charges. His federal bail was revoked and he was also denied bail on the state charges by the lodging of the federal detainer. After the district court denied his request for credit, he appealed, and on remand, was granted credit on his federal sentence, only for the pre-sentence time in custody in connection with the federal offense, but not for any time serving his state sentence for offenses unrelated to the federal charges.

Here, consistent with Willis, Petitioner was given pre-sentence time credit for the time period beginning June 21, 2012, the date of his state arrest, through October 30, 2012, the day before his state sentence commenced. See Sentence Monitoring Computation Data, ECF No. 6-7 at 2. He received this credit because his federal raw full term release date, September 23, 2030, was greater than his state raw full term release date, October 30, 2022. See Willis/Kayfez Calculation Worksheet, ECF No. 6-8. However, he is not entitled to any additional credit, including the time period of October 31, 2012, the date his state sentence was imposed and commenced, to September 24, 2015, the day prior to the commencement of his federal sentence, because Willis does not provide for the application of prior custody credit once any sentence, state or federal, commences. See Willis, 438 F.2d at 925. Accordingly, Petitioner cannot receive any additional credit for time spent serving his state sentence before his federal sentence was imposed, because to do so would award impermissible double credit.

**Claim of Due Process Violation**

Petitioner contends that the BOP violated his due process rights by unlawfully computing his sentence, thereby keeping him incarcerated for longer than required under the sentence that was imposed. The Respondent argues that Petitioner's due process claim raises a Heck v. Humphrey[5] challenge, because Petitioner's claim is, in essence, a challenge to the fact or duration of his confinement.

However, the undersigned finds that Heck is inapplicable here; Petitioner is not seeking money damages for his allegedly wrongfully extended incarceration, merely the award of prior custody credit. Nonetheless, to the extent Petitioner is asserting that the BOP determination at issue here constitutes a violation of his right to due process, his argument is unavailing. The Due Process Clause applies only when government action deprives a person of a protected liberty or protected interest under the Fifth Amendment. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id.

Petitioner's argument that the BOP violated his constitutional rights by failing to award him prior custody credit impliedly states a claim that the BOP inaccurately calculated his release date. The undersigned disagrees and finds that Petitioner's sentence was calculated correctly. Because the BOP did not miscalculate his sentence, Petitioner's claim of a constitutional violation is not cognizable.

[5] Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), holding that a claim for damages is not cognizable under 42 U.S.C. §1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner first demonstrates that the conviction or sentence has previously been invalidated or called into question by a federal court's issuance of a writ for habeas corpus.

## VI. Recommendation

For the foregoing reasons, the undersigned concludes that no genuine issues of material fact are presented and **RECOMMENDS** that Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" [ECF No. 6] be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and **DISMISSED with prejudice**.

Any party may, **within fourteen (14) days** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket, and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: June 19, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE